```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

DAVID JOHNSON              )
                           )
       v.                  )    CIVIL ACTION NUMBER
                           )    04-CV-11114 JLT
UNITED STATES OF AMERICA   )
```

GOVERNMENT'S RESPONSE
TO DAVID JOHNSON'S MOTION TO
VACATE, SET ASIDE, OR CORRECT SENTENCE

The United States of America, through the undersigned counsel, files this Response to David Johnson's Motion Under Title 28, United States Code, Section 2255 To Vacate, Set Aside, or Correct Sentence. As more fully explained below, this motion should be denied.

Procedural History

On June 1, 2000, a grand jury returned an indictment charging David Johnson with possession of cocaine base with intent to distribute, in violation of 21 U.S.C. §841(a)(1); being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §922(g)(1); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §924(c)(1)(A). Johnson went to trial, represented by Owen Walker, Chief Federal Defender. On April 26, 2001, a jury returned guilty verdicts on all three counts of the indictment. Judge Joseph L. Tauro sentenced Johnson to 322 months -- 262 months, concurrently on Counts 1 and 2, and 60 months,

1

consecutively, on Count 3. Judge Tauro also sentenced Johnson to 48 months of supervised release, and a $300 special assessment fee.

On December 20, 2002, the First Circuit affirmed Johnson's conviction. United States v. Johnson, 2002 WL 31857358 (1st Cir. 2002), cert. denied, Johnson v. United States, 538 U.S. 1050 (May 19, 2003).

Factual Background

The following facts are taken from the First Circuit's opinion:

> Appellant Johnson was driving a rental car in a high crime area in Roxbury at 2:30 a.m. The car stopped for 90 seconds in the middle of a street. Plainclothes officers Lewis and Streat waited behind it in an unmarked car for about 60 seconds. The officers testified that the car's dome lights were on, and that both occupants were using cell phones. Johnson's car continued down the street and turned into a narrow private driveway, where it stopped. Its motor was running, its brake lights were on, and both occupants were talking on cell phones. The parties dispute whether Johnson's door was open or closed at this time.
>
> The officers approached the vehicle on foot to conduct a "Field Interrogation Observation Report" ("FIO")- a threshold inquiry to see if there was some problem, otherwise referred to as a *Terry* stop. They had made many arrests in the area, and because a car parked in the middle of the street was unusual, they sought to question the occupants to ensure that everything was all right. The officers testified that they typically conducted an FIO when stopping an individual or a car in a high crime area. Unknown to the officers, the driveway led to the residence of Johnson's passenger, Calhoun. No obstacles blocked the officers' access to the driveway, and they entered it.
>
> Officer Lewis stood behind the driver's side of the car

for 30 to 45 seconds, before Johnson saw him. Lewis identified himself as an officer and asked for Johnson's license and registration. The beam of his flashlight then illuminated a bundle of crack cocaine in the map compartment of Johnson's door. Lewis testified that after he ordered Johnson out of the car, Johnson turned off the ignition and transferred the keys to his left hand. As Johnson tried to reach under the driver's seat with his right hand, Lewis pulled him away. A handgun was later found under the seat. Johnson claimed that he had merely been putting away his wallet. Johnson reached further under the seat, and Lewis pulled him out of the car. A struggle ensued as Lewis tried to keep Johnson from reentering the car. Calhoun, the car's passenger, exited the car, entered the yard, and unleashed a pit bull on Officer Streat. Streat held the dog at bay at gunpoint until Calhoun returned it to the yard, and then Streat and Calhoun struggled as well. These struggles ended only when backup units arrived.

United States v. Johnson, at **1.

The trial court found that Johnson's car door was open when Officer Lewis approached the car, and that this allowed Lewis to see the bags of crack cocaine in the pocket of the car door. ... Upon seeing the bags, Lewis had probable cause to arrest Johnson and then to search the car, where the officers found the gun.

Id. at **2.

## Argument

In his petition, Johnson challenges his conviction and sentence on the following three grounds: (1) His sentence was imposed in violation of the Fifth Amendment because the information used for sentencing purposes was unreliable; (2) He was not a 'Career Offender' under the Sentencing Guidelines; and (3) The police illegally seized the gun and crack cocaine from his car.

Johnson's motion should be summarily denied. First, Johnson provides no factual explanation of or legal support for his claims. "[T]he petition is subject to dismissal, without an evidentiary hearing, if the grounds for relief either are not cognizable under section 2255 or amount to mere 'bald' assertions without sufficiently particular and supportive allegations of fact." Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992); *See Also* Moran v. Hogan, 494 F.2d 1220, 1221 (1st Cir. 1974). Second, Johnson's arguments are entirely without merit, procedurally barred, or both.

I. Information Relied Upon For Sentencing Purposes Was Accurate

Johnson asserts that the evidence the Court considered at sentencing was unreliable. Due process may be violated by the use of inaccurate information during sentencing. United States v. Inglesi, 988 F.2d 500, 502 (4th Cir. 1993); Iacaboni v. United States, 251 F.Supp.2d 1015, 1042 (D.Mass. 2003). But in this case, it is impossible to understand what evidence Johnson challenges. Johnson's sentence was driven by his convictions and criminal history. Johnson qualified as a Career Offender and an Armed Career Criminal. (See Presentence Report ¶¶70a-71). As a result, his Base Offense Level was 34 with a Guideline Range of 262 to 327 months. (Id. ¶115). The consecutive 60 month sentence on Count Three was required by the statute. (Id. ¶116). The Court did not consider any unreliable evidence in sentencing

4

Johnson.

### II. Johnson Was Correctly Determined To Be A Career Offender

Johnson provides no basis for his claim that he was "incorrectly determined to be a Career Offender." In any case, it is unwarranted. According to United States Sentencing Guidelines § 4B1.1, Career Offender status is appropriate if (1) the defendant was at least eighteen years old at the time the instant offense of conviction was committed; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense that are unrelated to the instant offense. See United States v. Santos, 363 F. 3d 19, 22 (1st Cir. 2004)(finding simple assault and battery and assault and battery on a police officer satisfied the requisite two prior felonies); United States v. Gonzalez, 363 F. 3d 15, 16 (1st Cir. 2004)(holding that two prior felony convictions for controlled substance offenses qualified as two unrelated felony convictions to satisfy the requirements for an increase under 4B1.1); and United States v. Mayes, 332 F.3d 34, 36-37 (1st Cir. 2003)(court did not have discretion to depart downward in sentencing defendant as a Career Offender, based on defendant's claim that his criminal history category overstated severity of his record).

Johnson meets each of the three standards required under

5

USSG 4B1.1. First, he was over the age of eighteen when he committed the instant offense. (See Presentence Report ¶49A). Second, Count One was a felony controlled substance offense. (See Presentence Report ¶¶2-4). Johnson had three prior qualifying felony convictions. (See Presentence Report, ¶¶ 54, 57, 60, and 70A). Based on the foregoing, it is indisputable that Johnson was correctly determined to be a Career Offender.

Johnson was also an Armed Career Criminal ("ACC") on Count Two, the felon in possession offense. His 262 month sentence on Count Two did not depend on his Career Offender status. His base offense Level was 34 as a Career Offender and was the same as an Armed Career Criminal. (Id. ¶¶50-52).

### III. Johnson's Illegal Search Argument Was Raised On Appeal And May Not Be Raised Here

Johnson argued on appeal that the evidence obtained from the search of his car should have been suppressed. The First Circuit rejected this claim, noting that (1) Johnson had no standing to claim a privacy interest and (2) the trial court's finding that Johnson's car door was open as Officer Lewis approached, allowing Lewis to see the bags of crack cocaine in the pocket of the car door was not in clear error. The First Circuit held that the crack cocaine established probable cause for arrest and a search of the vehicle, at which point the gun was discovered. "The bags of crack cocaine and the gun, therefore, are not subject to

suppression," <u>United States v. Johnson</u>, 2002 WL 31857358, **2 (1st Cir. 2002).

Johnson again challenges the seizure of the firearm and drugs. A defendant may not use a §2255 motion to re-litigate the same issues already determined on direct appeal. See <u>Dirring v. United States</u>, 370 F.2d 862, 864 (1st Cir. 1967); <u>Murchu v. United States</u>, 926 F.2d 50, 55 (1st Cir.), <u>cert. denied</u>, 502 U.S. 828, 112 S.Ct. 99, 116 L.Ed.2d 70 (1991); <u>Cohen v. United States</u>, 996 F.Supp. 110, 113 (D.Mass. 1998); <u>Raineri v. United States</u>, 188 F. Supp.2d 141, 145 (D.N.H. 2002).

Johnson is procedurally barred from again challenging the seizure. Moreover, he offers nothing to suggest the District Court and First Circuit were wrong on the merits or that his counsel was constitutionally ineffective.

## CONCLUSION

Based on the foregoing, the government respectfully requests that the Court deny Johnson's Motion.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _/s/ George W. Vien_  7/21/04
George W. Vien
Assistant U.S. Attorney
U.S. Attorney's Office
408 Atlantic Avenue
Rm. 530
Boston, MA 02110

7

CERTIFICATE OF SERVICE

I certify I caused a copy of this Response to be served by mail on: David Johnson, FCI Ray Brook, Ray Brook, NY 12977

George W. Vien
Assistant United States Attorney