UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID JOHNSON,
      Movant-Defendant,

  -vs-

UNITED STATES OF AMERICA,
      Respondent-Plaintiff.

Criminal No.: 1:04-CV-11114-JLT

BRIEF IN SUPPORT OF
MOVANT'S 28 U.S.C. § 2255 MOTION

STATEMENT OF ISSUES

I.    WHETHER A VIOLATION OF DUE PROCESS OCCURRED WHEN
THE DISTRICT COURT WAS PROVIDED INACCURATE
INFORMATION, WHICH WAS RELIED ON TO DETERMINE
MOVANT'S SENTENCE?

II.   WHETHER MOVANT WAS SENTENCED IN VIOLATION OF THE
UNITED STATES SENTENCING GUIDELINES AS AN
ARMED CAREER CRIMINAL?

III.  WHETHER SEIZURE AND SUBSEQUENT SEARCH OF MOVANT
AND MOVANT'S VEHICLE WAS IN VIOLATION OF
FOURTH AMENDMENT, AND SHOULD EVIDENCE SEIZED
BE SUPPRESSED?

STATEMENT OF CASE

On April 26, 2001, in the United States District Court,
District of Massachusetts (hereinafter 'District Court'), a
judgment of conviction was entered against DAVID JOHNSON (herein-
after 'Movant') the Movant in the above captioned criminal action.

Movant appealed to the United States Court of Appeals, First
District, and on December 20, 2002, Appellate Court affirmed the
District Court's judgement. Movant then sought review in the
United States Supreme Court, and on May 19, 2003, the United States
Supreme Court, denied Movant's application for certiorari.

Movant now brings before the District Court this motion
pursuant to 28 U.S.C. § 2255, seeking as a matter of law, the

reversal of Movant's federal conviction, or in the alternative, the vacating of Movant's sentence and a reversal of District Court's judgement denying Movant's Motion To Suppress.

## STATEMENT OF FACTS

The Presentence Report (hereinafter 'PSR') prepared by the United States Probation Office (hereinafter 'U.S.P.O.') presented inaccurate information concerning Movant's criminal history. Records of the convictions Movant has in Massachusetts state show that, one of the convictions presented in PSR as Possession With Intent To Distribute A Controlled Substance, was in fact a Simple Possession. The PSR also shown that a conviction Movant received for a Simple Assault was presented in the PSR as one for an Assault & Battery.

Also PSR misleadingly reflects that Movant has multiple convictions of Assault & Battery On A Police Officer and Assault With A Dangerous Weapon. However, all such charges which arose from a single incident occurring on or about October 28, 1991, were consolidated into one conviction.

Thus, Movant's criminal history was factually overstated and does not justify Movant being sentenced as an Armed Career Criminal, as that Movant's criminal history does not met the United States Sentencing Guidelines (hereinafter 'U.S.S.G.') criteria for imposition of such sentencing.

Furthermore, as the record testimony of the suppression hearing held prior to Movant's trial reflects, that the police officers who seized and searched Movant and Movant's vehicle on or about December 10, 1999, were without any objective reasonable suspicion(s) to either seize or search Movant or Movant's vehicle.

(2)

## SUMMARY OF ARGUMENTS

Federal statutes and the U.S.S.G. provide the basis for the correct sentencing of all defendant's convicted of violating federal laws. Thus standards and criteria set forth in the federal statutes and the U.S.S.G. establish, to a great extent, the procedures by which sentences for violating federal laws are to be imposed. The correct application of those standards and criteria are essentially dictated by the factual information to which they are to be applied.

Therefore, when there exists a situation where the information used to determine the correct sentence to be imposed is inaccurate, and the subsequent sentence imposed is based upon that inaccurate information, it is without doubt that in such a situation the procedure for imposing a just and lawful sentence/punishment has been violated. Movant does so here present such a situation.

Futhermore the U.S. Supreme Court has made it expressly clear through a long and consistent history of legal decisions that, any search or seizure must comport with the protections of the Fourth Amendment of the United States Constitution. However, in in this instant matter, the seizure and subsequent search of Movant and Movant's vehicle was in fact a violation of Fourth Amendment safeguards, and evidence obtained from such seizure and search should have been suppressed.

## ARGUMENTS

I.  A VIOLATION OF DUE PROCESS OCCURRED WHEN THE
    DISTRICT COURT WAS PROVIDED INACCURATE
    INFORMATION, WHICH WAS RELIED ON TO DETERMINE
    MOVANT'S SENTENCE.

The record of the judicial proceedings in this instant matter factually establishes that (a) the information contained in PSR

concerning Movant's criminal histroy was inaccurate, and (b) the
District Court relied upon the PSR, as prepared by the U.S.P.O.,
to determine the length of the sentence that lawfully could and/or
should be imposed upon Movant.

A.  Information Concerning Movant's Criminal History
    Was Inaccurate

    The PSR informed the District Court that in the state of
Massachusetts, Movant had three prior convictions for serious drug
offenses and/or three prior convictions for crimes of violence.
However, one of those prior drug convictions referenced in the PSR
was not a serious drug offense, nor was one of the convictions
a crime of violence, due both to Massachusetts General Law (Mass.
Gen. L.) and the qualifying criteria set forth in the United States
sentencing Guidelines (U.S.S.G.).

    On or about June 19, 1990, Movant was sentence in the Boston
Municipal Court, Roxbury Division.  Although Movant was initially
charged with Possession With Intent To Distribute A Controlled
Substance, upon Motion of the Commonwealth of Massachusetts this
charge was lowered to simple possession.  In light of this fact,
it is undisputable that the PSR incorrectly reflects the charge
to which Movant plead guilty.  See Exhibit-A.

    Furthermore, Movant's conviction for violation of Mass. Gen. L.
ch. 94C, § 32A(a) was based upon a plea agreement.  That plea
agreement specifically stipulated to the sentence Movant would
receive, and where conviction was based on such agreement and that
agreement was accepted by the District Court, the only sentence
the District Court could impose upon Movant was the sentence so
stipulated to by the agreement.  This legal principle has just

(4)

recently been reinforced by the United States Supreme Court's reasoning in deciding Blakely v. Washington, 2004 WL 1402697 (June 24, 2004).

Movant's prior conviction for Simple Assault (which was inaccurately presented in PSR as Assault & Battery On Police Officer) was not a violent crime, and the plea agreement by which conviction of this charge is based clearly established this fact. However, at this time Movant has not been able to acquire a copy of the sentencing transcripts, nor any record of the plea agreement, concerning that conviction. Therefore Movant has submitted a sworn affidavit detailing the terms of the plea agreement and subsequent sentencing of Movant concerning that conviction.

B.  District Court Relied Solely Upon Information Provided In PSR To Sentence Movant As Armed Career Criminal

The record of Movant's sentencing hearing clearly shows that the information presented in PSR concerning Movant's criminal history, was the sole basis upon which the District Court proceeded to sentence Movant as an Armed Career Criminal.

Moreover, prior to sentencing Movant, the District Court did not conduct an independent investigative analysis as to the accuracy with which PSR represented Movant's criminal history. The District Court instead relied totally upon an assumption of the PSR's accuracy. However, District Court's sentencing Movant as Armed Career Criminal based on such assumption was violative of due process. Especially where, as in this instant matter, Movant's criminal history was not accurately reflected in PSR.

II.  MOVANT WAS SENTENCED IN VIOLATION OF THE UNITED
     STATES SENTENCING GUIDELINES AS AN ARMED CAREER
     CRIMINAL.

Movant's drug conviction(s) for violating Mass. Gen. L.
ch. 97C, § 32A(a), can not be considered in assessing Movant's
eligibility as an Armed Career Criminal.  Mass. Gen. L. ch. 94C,
§ 32A(a) states in pertinent part:

> "Any person who knowingly or intentionally . . .
> possesses with the intent to manufacture, distribute . . .
> a controlled substance . . . shall be punished by
> imprisonment in the state prison for not more than ten
> years, OR IN A JAIL OR HOUSE OF CORRECTIONS FOR NOT MORE
> THAN TWO AND ONE HALF YEARS . . ." (emphasis added)

Thus the plain language of Mass. Gen. L. ch. 94C, § 32A(a) in fact
allows for two separate maximum penalties - a sentence of 10 years
and a maximum sentence of 2½ years.

In order for Movant under Mass. Gen. L. ch. 94C, § 32A(a) to
have received or have been exposed to receiving, the 10 year
maximum penalty this law allows, certain procedural safeguards
must have been satisfied prior to Movant's conviction and sentencing
under this law.  These procedural safeguards include (but are not
limited to) which type of state court Movant would be tried,
as the consequences of forum selection are significant.

Jurisdiction to try a violation of Mass. Gen. L. ch. 94C,
§ 32A(a) resides concurrently in the Massachusetts District Court
and the Massachusetts Superior Court.  In the superior Court an
imposition of the maximum 10 year sentence is allowed, but in the
District Court an imposition of only the maximum 2½ year sentence
is allowed.  Thus, where Movant was factually tried and sentenced
in the District Court, the maximum sentence that could be imposed
upon Movant was 2½ years to be served in a house of corrections.

Moreover, it is fact that under Massachusetts state law, the distinction between a potential sentence in state prison and one in a house of corrections is significant. A _felony_ in Massachusetts is a "crime punishable by death or imprisonment in the state prison." Mas. Gen. L. ch. 274, § 1. ALL OTHER OFFENSES ARE MISDEMEANORS. Id. Thus, Movant's conviction under Mass. Gen. L. ch. 94C, § 32A(a) is catagorically classified as a misdemeanor, and in light of Art. 4. Sec. 1 and the 14th Amendment of the United States Constitution, the federal courts can give no greater effect to Movant's conviction(s) under Mass. Gen. L. ch. 94C, §32A(a) than it is given in the courts of Massachusetts state.

Keeping in mind that Movant's conviction(s) under Mass. Gen. L. ch. 94C, § 32A(a) is/are misdemeanor(s), it is legally and lawfully impossible for such conviction(s) to justify Movant being sentenced in accordance with 18 U.S.C. § 924(e) the Armed Career Criminal Act. 18 U.S.C. § 924(e) states in pertinent part:

> "(e)(1) In the case of a person who violates section 922(g) of this title and has THREE previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a SERIOUS DRUG OFFENSE, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years, . . ." (emphasis added)

18 U.S.C. § 924(e)(2)(A)(ii) defines a serious drug offense as:

> "an offense under State law, involving manufacturing, distribution, or possession with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law;" (emphasis added)

Based upon the foregoing, Movant's prior conviction under Mass. Gen. L. ch. 94C, § 32A(a) does not qualify for the sentence boost provided by the federal Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), as ACCA requires that a prior predicate drug

(7)

conviction be classified as a serious drug offense and such offense carry a maximum sentence of at least 10 years. In this instant matter the ACCA's requirements could only have been met through exercising the procedural safeguards of Massachusetts law. However, such procedural safeguards in fact were not exercised prior to Movant's state conviction, as Movant was sentenced in the Roxbury District Court and not the Superior Court.

To subject Movant to an enhancement now, based upon a sentence that Movant could have received ONLY after the exercise of the procedural safeguards of Massachusetts law, which in fact were not exercised, would compromise not only Movant's statutory rights, but Movant's due process rights as well.

Furthermore, all of the Assault charges for which Movant was sentenced on or about October 28, 1991, stemmed from the same incident and were consolidated as one conviction, and where this single conviction was for a simple assault, Movant never factually had the required number of previous conviction of crimes of violence to qualify as an Armed Career Criminal.

The plea agreement Movant entered into which expressly set forth the charge of conviction and the sentence to be received, involving  all Assault charges concerning October 28, 1991 conviction, can not be obtained by Movant. Movant has contacted all known sources which might provide copies of any judicial records (sentencing transcripts, written plea agreement, etc.) proving Movant plead guilty to simple assault. At this present date no records have been provided.

However, upon learning that the Roxbury District Court does not have any records concerning Movant's October 28, 1991, assault

charges, Movant would direct this Court to require the U.S.P.O. to produce the information upon which it relied to establish Movant's October 28, 1991 convictions. But where the U.S.P.O. cant not produce judicial record evidence which proves Movant was convicted of Assault & Battery as PSR reflects, Movant requests this Court to disregard as unfounded allegation PSR's representation that Movant's October 28, 1991 conviction for simple assault was one for Assault & Battery.

III.   SEIZURE AND SEARCH OF MOVANT AND MOVANT'S VEHICLE WAS IN VIOLATION OF FOURTH AMENDMENT, AND EVIDENCE SEIZED SHOULD BE SUPPRESSED.

In accordance with the United States Supreme Court's ruling in Terry v. Ohio, 392 U.S. 1 (1968), the seizure and search of Movant and the vehicle Movant was driving on December 10, 1999, was in fact an unlawful violation of the Fourth Amendment. Therefore any items confiscated as "evidence" during such seizure and search, should have been suppressed.

On December 10, 1999, as Movant and a friend sat parked in the driveway of that friend's home, two police officers did without any prior provocation, charge up to Movant's vehicle and force open the door's of Movant's vehicle. After which both police officers did seize Movant and Movant's friend, and did begin to search Movant's vehicle. During this unlawful search, those police officers confiscated items that were later used as evidence to convict Movant in a court of law.

Prior to Movant's trial and subsequent conviction, on April 17, 2001, a judicial hearing was held to determine the lawfulness of the seizure and search conducted by those police officers.

(9)

At that hearing those officers stated under oath, that there sole reason(s) to justify conducting what they described as a Field Investigation Observation (FIO) Report, was because Movant and his friend had been parked on the street talking on cellular phones at 2:30 in the morning. these observed actions evidently were so unusual and out of place that they caused, as those police officer expressed, "raised eyebrows".

Now even where the Court at the suppression hearing could accept as true the version of events as stated by the police officers, that version of events did not present any objective facts upon which those officers could have founded any reasonable suspicion that would warrant conducting an "investigation" of any kind. But, however, as the U.S. Supreme Court clearly expressed in Terry such "objective reasonable suspicion" must be present before any action to "investigate" is taken.

In this instant matter the police officers did not carry their burden in providing the Court with any "objective reasons" as to why they were justified in conducting a FIO of Movant.

Thus where police officers have failed to comport with the standards announced in Terry, the seizure and search conducted by these officers should be ruled an unlawful violation of the Fourth Amendment and any evidence confiscated during such search should be suppressed.

## CONCLUSION AND RELIEF

WHEREFORE, based upon the foregoing, Movant's conviction should be vacated, or in the alternative the sentence imposed upon Movant as a Armed Career Criminal be vacated, or in the alternative District Court's denial of Movant's suppression motion be reversed and remanded for further proceedings.

July 20, 2004                          Respectfully Presented,


                                       _David Johnson_
                                       DAVID JOHNSON, pro se
                                       BOP Reg. No. 23155-038
                                       FCI RAY BROOK
                                       P.O. Box 9008
                                       Ray Brook, New York  12977


I, DAVID JOHNSON, the Movant in the above-styled cause and the undersigned herein, do so verify under pain and penalty of perjury, pursuant to 28 U.S.C. § 1746(1), that all of the foregoing facts and matters are true, correct and certain.


July 20, 2004                          _David Johnson_
                                       DAVID JOHNSON, pro se

DOCUMENT   1

EXHIBIT-A

| COURT DIVISION Roxbury | NAME, ADDRESS AND ZIP CODE OF DEFENDANT | | Retained Assigned *Alcador 4-13-80* |
|---|---|---|---|

**Advised of Bail Violation Penalty**

David A Johnson
41 Hammond #907
Roxbury, Mass

TERMS OF RELEASE: *$500 Cash* BAILED

| DATE | PROCEEDING |
|---|---|
| APR 5 1990 | Arraigned before J. **Spurlock, J.** |
| APR 5 1990 | Advised of right to counsel |
| | Advised of right to drug exam |
| APR 5 1990 | Advised of right to bail review |
| 1990 | Advised of right to F.I. Jury Trial |
| | Waives — Requests F.I. Jury Trial |
| | Warrant issued — Default warrant issued |
| | Default removed — Warrant recalled |
| | Warrant issued — Default warrant issued |
| | Default removed — Warrant recalled |

DEF. DOB AND SEX: 1/24/70
OFFENSE CODE(S): 807, 802, 832
DATE OF OFFENSE: 4/4/90
PLACE OF OFFENSE: 1 Trotter Ct
COMPLAINANT: Off McKenna/Vaughan — POLICE DEPARTMENT: Boston Housing
DATE OF COMPLAINT: 4/5/90
RETURN DATE AND TIME: 4/5/90

**COUNT OFFENSE A. MFG./DISTRIB./DISPENSING CLASS B SUB. C94C S32A**
PLEA: Not Guilty / Guilty / Nolo / Admits suff. facts
New Plea:
FINDING: OCT 19 1990 *GIR HCD* JUDGE Banks, J.
*SS ZTR 10-19-92*
FINAL DISPOSITION: ✓ Discharged from probation / Dismissed at request of probation
DATE OCT 19 1992

**COUNT OFFENSE B. POSS. CLASS B SUB. W/INT. TO DISTRIB./MFG. C94C S**
PLEA: Not Guilty / Guilty / Nolo / Admits suff. facts
FINDING: OCT 19 1990 JUDGE
FINAL DISPOSITION: ✓ Discharged from probation / Dismissed at request of probation
DATE OCT 19 1992

**COUNT OFFENSE C. CONSPIRACY TO VIOLATE CONTR. SUB. LAWS C94C S40**
DATE APR 5 1990 PLEA: Not Guilty / Guilty / Nolo / Admits suff. facts
FINDING: OCT 19 1990 JUDGE **DISMISSED**
FINAL DISPOSITION: Discharged from probation / Dismissed at request of probation

A TRUE COPY ATTEST
ASST. CLERK

| DATE | PURPOSE | CONT. TO | PURPOSE | DATE | TAPE NO | START | STOP |
|---|---|---|---|---|---|---|---|
| 4-13-90 | T | | | | | | |
| OCT.19 1990 | Trial-Final Kismartin, J | | | | | | |
| 10.19.92 | | | | | | | |

SEE REVERSE SIDE FOR DOCKET ENTRIES OF MOTIONS, CASE NOTES AND OTHER ACTIONS

# DOCKET

DOCKET NUMBER

COURT DIVISION
**Roxbury**

NAME, ADDRESS AND ZIP CODE OF DEFENDANT

David Johnson
41 Hammond Street
Roxbury,. Mass

**Advised of Bail
Violation Penalty**

| | Waived |
|---|---|
| | Retained |
| ✓ | Assigned |

TERMS OF RELEASE

100% Cash

| DATE | PROCEEDING | |
|---|---|---|
| MAR 26 1990 | Arraigned before J. **Banks, J.** | |
| AR 26 1990 | Advised of right to counsel | |
| MAR 26 1990 | Advised of right to drug exam | |
| | Advised of right to bail review | |
| JUN 19 1990 | Advised of right to F.I. Jury Trial | |
| | Waives | Requests F.I. Jury Trial |
| | Warrant issued | Default warrant issued |
| | Default removed | Warrant recalled |
| | Warrant issued | Default warrant issued |
| | Default removed | Warrant recalled |

DEF, DOB AND SEX
1/24/70

OFFENSE CODE(S)
802

DATE OF OFFENSE
3/24/90

PLACE OF OFFENSE
90 Lenox St.

COMPLAINANT
Merner/Stevens/Marron

POLICE DEPARTMENT
DCU/01256168

DATE OF COMPLAINT
3/26/90

RETURN DATE AND TIME
3/26/90

---

COUNT OFFENSE  Motion of Commi Poss of Cl B
**A. POSS. CLASS B SUB. W/INT. TO DISTRIB./MFG. C94C S?**

| DATE | PLEA | FINE | FINES | COSTS | TOTAL DUE |
|---|---|---|---|---|---|
| MAR 26 1990 | Not Guilty   Guilty   Nolo | 30 | | | 930 |
| JUN 19 1990 | New Plea | | | | |
| | Admits suff. facts | | | | |

IMPRISONMENT AND OTHER DISPOSITION

JUN 19 1990   **Suff. Facts To Warrant**   JUDGE
**Finding of Guilty** G   Martin, J.

1yr Sus. Probation   D/A/F $
until 6-18-91

**PROBATION SUPERVISION FEE**
1 days net Pay Per mo
Cert # 347995

| | Cont. w/o finding until | FINAL DISPOSITION | | | DATE JUN 18 1991 |
|---|---|---|---|---|---|
| | Appeal of find. & disp.   Appeal of disp. | Discharged from probation | | | |
| | | Dismissed at request of probation | | | |

COUNT OFFENSE

| | | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION | | | |
|---|---|---|---|---|---|
| | Not Guilty   Guilty   Nolo | | | | |
| | New Plea | | | | |
| | Admits suff. facts | | | | |
| | FINDING          JUDGE | | | | |

| | Cont. w/o finding until | FINAL DISPOSITION | | | DATE |
|---|---|---|---|---|---|
| | Appeal of find. & disp.   Appeal of disp. | Discharged from probation | | | |
| | | Dismissed at request of probation | | | |

COUNT OFFENSE

| | | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION | | | |
|---|---|---|---|---|---|
| | Not Guilty   Guilty   Nolo | | | | |
| | New Plea | | | | |
| | Admits suff. facts | | | | |
| | FINDING          JUDGE | | | | |

| | Cont. w/o finding until | FINAL DISPOSITION | | | DATE |
|---|---|---|---|---|---|
| | Appeal of find. & disp.   Appeal of disp. | Discharged from probation | | | |
| | | Dismissed at request of probation | | | |

COUNT OFFENSE

| | | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION | | | |
|---|---|---|---|---|---|
| | Not Guilty   Guilty   Nolo | A TRUE COPY ATTEST | | | |
| | New Plea | | | | |
| | Admits suff. facts | | | | |
| | FINDING          JUDGE | ASST. CLERK | | | |

| | Cont. w/o finding until | FINAL DISPOSITION | | | DATE |
|---|---|---|---|---|---|
| | Appeal of find. & disp.   Appeal of disp. | Discharged from probation | | | |
| | | Dismissed at request of probation | | | |

| CONT. TO | PURPOSE | CONT. TO | PURPOSE | DATE | TAPE NO. | START | STOP |
|---|---|---|---|---|---|---|---|
| 6-19-90 | | | | JUN 19 1990 | 9002-193 | 2190 | 2534 |

July 18 90 Prob Rev
June 18, 1991 Term