UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID JOHNSON,
    Movant-Defendant,

  -vs-

UNITED STATES OF AMERICA,
    Respondent-Plaintiff.

Civil Action No. 04-CV-11114

## MOVANT'S TRAVERSE TO GOVERNMENT'S RESPONSE

I, DAVID JOHNSON (hereinafter 'Movant') the Movant-Defendant in the above captioned legal matter, do so present and file this Traverse to the GOVERNMENT'S RESPONSE TO DAVID JOHNSON'S MOTION VACATE, SET ASIDE, OR CORRECT SENTENCE (hereinafter 'Response').

Based upon the facts and matters stated in Movant's Brief and Affidavit in Support of Movant's 28 U.S.C. § 2255 Motion (hereinafter '§ 2255 Motion'), and stated herein, Movant's § 2255 Motion should be granted in its entirety.

### REBUTTAL

1. Counsel for the Government (hereinafter 'Respondent') has argued in Government's Response that (1) Information relied upon for sentencing was accurate, (2) Johnson [Movant] was correctly determined to be a Career Criminal, and (3) Johnson's [Movant's] illegal search argument was raised on appeal and may not be raised here. However, in light of the facts and matters set forth in the Brief and Affidavit in support of Movant's § 2255 Motion, Respondent has simply failed to present any argument based upon fact or law that could justify a dismissal of Movant's § 2255 Motion.

I.  Respondent Admits Movant's Sentence Was Based Upon Information Representing Movant's Criminal History, And That Due Process Violation Would Occur If Such Information Was Inaccurately Presented.

2. Respondent, citing Iacaboni v. United States, 251 F.Supp.2d 1015, 1042 (D.Mass. 2003), has clearly stated that due process may be violated by the use of inaccurate information. Thus, where Movant's prior convictions for misdemeanor (see Mass. Gen. L. ch. 274, § 1 defining felonies) were presented as "felonies" to satisfy either the Career Criminal or Armed Career Criminal provisions of the United States Sentencing Guidelines (hereinafter 'U.S.S.G.'), the presenting of such misdemeanor convictions as felonies was in fact an inaccurate representation of Movant's criminal history which violated Movant's right to due process.

II.  Respondent's Arguement Supports Claim That Movant Is Not A Career Criminal Or Armed Career Criminal.

3. Respondent has correctly quoted § 4B1.1 as stating that in order for Movant to qualify as a Career Criminal, Movant must have had "at least two prior felony convictions of either a crime of violence or a controlled substance offense that are unrelated to the instant offense. See U.S.S.G. § 4B1.1(3). As stated in paragraph 2 above Movant's prior misdemeanor convictions were misrepresented as "felonies", and absent these misrepresented felonies Movant does not have the required amount of felonies to be considered either a Career Criminal or Armed Career Criminal.

4. Therefore, as Respondent's correct quote of U.S.S.G. 4B1.1(3) confirms, Movant has in fact been incorrectly determined to be a Career Criminal and/or Armed Career Criminal.

5. Furthermore, even though Respondent could have argued that the U.S.S.G. expressly "considers" Movant's misdemeanor

(2)

convictions as "felonies" for sentencing purposes, all provisions of the U.S.S.G. which allow a federal sentence to be based on such "considerations" are unconstitutional in accordance with the reasoning expressed in the recent U.S. Supreme Court case of Blakely v. Washington, ___ U.S. ___, 72 U.S.L.W. 4546, 2004 U.S. LEXIS 4573 (June 24, 2004). When enacting the U.S.S.G. the Sentencing Commission was not granted the authority, neither by the United States Constitution nor the State of Massachusetts, to recategorize or reclassify the laws of the State of Massachusetts. Therefore where Movant has been convicted of committing a misdemeanor under the laws of the State of Massachusetts, the federal courts can not without a federal jury trial recategorize or reclassify such a misdemeanor conviction as a felony conviction.

### III. Movant's Illegal Seizure Argument Has Not Been Addressed.

6. In deciding whether to grant Movant's Motion to Suppress, the trial court did not fully apply the U.S. Supreme Court's guidance in determining the merits of Movant's arguments to suppress the confiscated evidence which resulted from an illegal seizure. In Terry v. Ohio, 392 U.S. 1 (1968) and its progeny, it has been firmly established that investigative detentions are seizures. In order for a police officer to justifiably conduct any investigation, that police officer must first be able to articulate facts which would form a credible basis for "objective reasonable suspicion". In this instant matter any such objective reasonable suspicion was clearly lacking as the record of the suppression hearing indisputably proves.

7. During the suppression hearing the only "facts" to which the officers who conducted the investigation and seizure of Movant could point to, as a basis for their "suspicions", were that (a) Movant had momentarily stopped the vehicle he was driving on the street, (b) While Movant's vehicle was stopped on the street, Movant and passenger were talking on cellular phones, and (c) Upon noticing that another vehicle was waiting behind him, Movant then did finally turned into the driveway that Movant had paused to enter allowing officers to proceed.

8. When analyzing the sufficiency of the information a police officer possessed, in determining if there existed a "reasonable suspicion" for that officer to take any action authorized by law, that information is scrutinized under the objective standard of whether the information the officer possessed was sufficient to convince a prudent person that such information suggested that a crime was being committed or had been committed. Hence the above list of facts as stated by the police officers who approached Movant with the sole preconceived intent of conducting an "investigation", could not be considered any justifiable grounds to conduct that investigation. Dialectical reasoning dictates that if the investigation conducted by the officers who later searched Movant was unjustified and thus illegal – from its inception, then until proven otherwise the search stemming from that illegal investigation must have been proceeded by an illegal seizure as well.

9. The record of the suppression hearing reflects that the only purpose for which the officers entered into the PRIVATE driveway where Movant was parked, was to conduct an [illegal]

(4)

"investigation". Therefore it is clear that from the moment the officers entered the driveway where Movant was parked, Movant was not free to leave nor would the officers have allowed Movant to freely leave. Under these circumstances it can not be disputed that Movant had been seized from the moment the officers entered the driveway where Movant was parked. Thus where there was not any lawful grounds for the officers' presence in the driveway where Movant was parked, and there was not any lawful basis to conduct an investigation of any kind, any evidence confiscated during the search that subsequently occurred immediately after officers unlawfully seized Movant should have been suppressed.

## CONCLUSION

WHEREFORE, Respondent in this instant matter has failed to carry the burden of presenting any argument(s) which would support a dismissal of Movant's § 2255 Motion. Movant's § 2255 Motion should therefore be granted, and Movant should be granted all relief requested therein.

July 30, 2004

Respectfully Presented,

*David Johnson*

DAVID JOHNSON, pro se
BOP Reg. No. 23155-038
FCI RAY BROOK
P.O. Box 9008
Ray Brook, New York  12977

(5)

UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

DAVID JOHNSON,  )
    Movant-Defendant,  )
    )  Civil Action No. 04-CV-11114
-vs-  )
  )
UNITED STATES OF AMERICA,  )
    Respondent-Plaintiff.  )
  )

## CERTIFICATE OF SERVICE

I, DAVID JOHNSON, the Movant-Defendant in the above captioned legal matter and the undersigned herein, do so affirm under the pain and penalty of perjury, pursuant to 28 U.S.C. § 1746(1), that a true and correct copy of MOVANT'S TRAVERSE TO GOVERNMENT'S RESPONSE, has been packaged and deposited in the internal mailing system of FCI RAY BROOK, and having sufficient first class postage affixed thereupon was addressed to be forward to:

    George W. Vien
    Assistant U.S. Attorney
    U.S. Attorney's Office
    408 Atlantic Avenue
    Room 530
    Boston, MA 02110

So done this 30 day of July 2004

                      Respectfully Presented,

                      /s/ David Johnson

                      DAVID JOHNSON, pro se
                      BOP Reg. No. 23155-038
                      FCI RAY BROOK
                      P.O. Box 9008
                      Ray Brook, New York 12977