UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAVID JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 04-11114-JLT |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION ON MOTION
## TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

November 29, 2006

DEIN, U.S.M.J.

## I. INTRODUCTION

The petitioner David Johnson ("Johnson" or the "petitioner") was convicted on
April 26, 2001 of possession of cocaine base with intent to distribute, in violation of 21
U.S.C. § 841(a)(1); being a felon in possession of a firearm and ammunition, in violation
of 18 U.S.C. § 922(g)(1); and possession of a firearm in furtherance of a drug trafficking
crime, in violation of 18 U.S.C. § 924(c)(1)(A).  He was sentenced on October 26, 2001
(by Tauro, J.) to 262 months on Counts 1 and 2, to run concurrently, and 60 months on
Count 3 to run consecutively.  He was also sentenced to 48 months of supervised release,
and a $300.00 special assessment.  Johnson appealed, and his conviction was affirmed by
the First Circuit on December 20, 2002 in United States v. Johnson, No. 01-2704, 2002
WL 31857358, at *3 (1st Cir. Dec. 20, 2002).  His petition for certiorari to the United

States Supreme Court was denied in <u>Johnson v. United States</u>, 538 U.S. 1050, 123 S. Ct. 2117 (2003).

Johnson has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. He challenges his sentence and conviction on the grounds that (1) his sentence violated the Fifth Amendment because the information used for sentencing purposes was unreliable; (2) he was not a "career offender" under the Sentencing Guidelines or an Armed Career Criminal; and (3) the police illegally seized a gun and crack cocaine from his car.

For the reasons detailed herein, this court finds that the petitioner's sentence was not improper, and that his claim that the gun and crack cocaine should have been suppressed has already been rejected by the First Circuit. Therefore, this court recommends to the District Judge to whom this case is assigned that Johnson's Motion be DENIED.

## II.  <u>STATEMENT OF FACTS</u>

### <u>The Underlying Offense</u>

The facts relating to the search and seizure which led to Johnson's arrest, as described by the First Circuit, are as follows:

> Appellant Johnson was driving a rental car in a high crime area in Roxbury at 2:30 a.m. The car stopped for 90 seconds in the middle of a street. Plainclothes officers Lewis and Streat waited behind it in an unmarked car for about 60 seconds. The officers testified that the car's dome lights were on, and that both occupants were using cell phones. Johnson's car continued down the street and turned into a narrow private driveway, where it stopped. Its motor was running,

its brake lights were on, and both occupants were talking on cell phones. The parties dispute whether Johnson's door was open or closed at this time.

The officers approached the vehicle on foot to conduct a "Field Interrogation Observation Report" ("FIO") – a threshold inquiry to see if there was some problem, otherwise referred to as a *Terry* stop. They had made many arrests in the area, and because a car parked in the middle of a street was unusual, they sought to question the occupants to ensure that everything was all right. The officers testified that they typically conducted an FIO when stopping an individual or a car in a high crime area. Unknown to the officers, the driveway led to the residence of Johnson's passenger, Calhoun. No obstacles blocked the officers' access to the driveway, and they entered it.

Officer Lewis stood behind the driver's side of the car for 30 to 45 seconds, before Johnson saw him. Lewis identified himself as an officer and asked for Johnson's license and registration. The beam of his flashlight then illuminated a bundle of bags of crack cocaine in the map compartment of Johnson's door. Lewis testified that after he ordered Johnson out of the car, Johnson turned off the ignition and transferred the keys to his left hand. As Johnson tried to reach under the driver's seat with his right hand, Lewis pulled him away. A handgun was later found under the seat. Johnson claimed that he had merely been putting away his wallet. Johnson reached further under the seat, and Lewis pulled him out of the car. A struggle ensued as Lewis tried to keep Johnson from reentering the car. Calhoun, the car's passenger, exited the car, entered the yard, and unleashed a pit bull on Officer Streat. Streat held the dog at bay at gunpoint until Calhoun returned it to the yard, and then Streat and Calhoun struggled as well. These struggles ended only when backup units arrived.

United States v. Johnson, 2002 WL 31857358, at *1. In his direct appeal, Johnson contended that the evidence seized from his car should have been suppressed. This claim was rejected by the First Circuit, which found that "[i]n light of the stop in the middle of the street late at night, the officers had a reasonable and articulable basis to conduct a

*Terry* stop." Id. at *2.  Moreover, Johnson had no standing to claim a privacy interest in

the driveway so as to challenge the policemen's entry onto private property.  Id.  Finally,

the court held:

> The trial court found that Johnson's car door was open when Officer
> Lewis approached the car, and that this allowed Lewis to see the
> bags of crack cocaine in the pocket of the car door.  This finding was
> not clear error.  Upon his seeing the bags, Lewis had probable cause
> to arrest Johnson, and then to search the car, where the officers
> found the gun.  The bags of crack cocaine and the gun, therefore, are
> not subject to suppression.

Id.

## Facts Relating to Sentencing

The petitioner contends that there was inaccurate information in his Presentence

Report ("PSR").  As detailed below, Johnson contends that one of the convictions

presented in the PSR as possession with intent to distribute a controlled substance was, in

fact, a simple possession conviction, and that a conviction presented in the PSR as assault

and battery was actually a conviction for simple assault.  Pet. Br. (Docket No. 6) at 2.  In

addition, he objects that the PSR misleadingly reflected multiple convictions of assault

and battery on a police officer and assault with a dangerous weapon, while all such

charges arose from a single incident occurring on or about October 29, 1991, and were

consolidated into one conviction.  Id.  Thus, according to Johnson, while the "PSR

informed the District Court that in the state of Massachusetts, Movant had three prior

convictions for serious drug offenses and/or three prior convictions for crimes of

violence," "one of those prior drug convictions referenced in the PSR was not a serious

-4-

drug offense, nor was one of the convictions a crime of violence." Id. at 4.  As a result,

his "criminal history was factually overstated and does not justify Movant being

sentenced as an Armed Career Criminal" under the Sentencing Guidelines.  Id. at 2.

### The PSR

Johnson was represented by counsel at all relevant times, including through

sentencing, although he is now proceeding pro se.  He raised objections to the PSR,

which were addressed in the final Report.  The final PSR provided that Johnson was a

Career Offender pursuant to U.S. Sentencing Guidelines Manual § 4B1.1 because "(1) the

defendant is over the age of 18; (2) the instant offense is either a controlled substance

violation or a crime of violence; and (3) the defendant has two prior convictions of either

a crime of violence, or an applicable controlled substance violation."  PSR ¶ 49A.  In

addition, Johnson was "subject to the Armed Career Criminal provisions described at 18

U.S.C. § 924(e) and the guidelines at U.S.S.G. § 4B1.4 as: (1) the offense of conviction is

a violation of 18 U.S.C. § 922(g); and (2) the defendant has at least three prior convic-

tions for a violent felony or a serious drug offense or both, committed on occasions

different from one another."  PSR ¶ 50.  The total offense level for both the Armed

Career Criminal and Career Offender were the same.  See PSR ¶ 52.

According to the PSR, there were three relevant prior felony convictions, only two

of which were needed to establish the petitioner's status as a Career Offender.  See PSR

¶ 70A.  These included the following:

1.      On October 29, 1991 the petitioner was arrested and charged with four

offenses, for which he pleaded guilty on May 29, 1992.  These charges and the sentence,

as reported in the PSR are as follows:

| | |
|---|---|
| Ct 1: A&B on Police Officer<br>Dkt #099694 | 5/29/92: Pled G,<br>Filed |
| Ct 2: A&B on Police Officer<br>Dkt #099695 | 5/29/92: Pled G,<br>3 to 5 years cmtd<br>to MCI Cedar Junction<br>concurrent w/ Indictment<br>#099691[1], Credit of 221 days |
| Ct 3: A&B By Means<br>Dangerous Weapon<br>Dkt #099696 | 5/29/92: Pled G,<br>3 to 5 years cmtd<br>concurrent w/Indictment<br>#099695 & 099691 |
| Ct 4: A&B By Means<br>Dangerous Weapon<br>Dkt #099697<br>Suffolk Superior Court | 5/29/92: Pled G,<br>Filed |

PSR ¶ 54.  The narrative makes it clear that these charges all arose from a single incident

which occurred on October 29, 1991.  As described in the PSR:

> Details of this offense state that Boston Police officers observed the
> defendant standing in a doorway of 91 Hammond Street, knowing
> that he was wanted in connection with another offense.  As police
> officer's approached him, the defendant fled to the second floor
> where he was apprehended in a doorway.  At this time, the defendant
> stated "I give, you got me" and then slammed the metal door on
> police officer Garvey's arm.  Johnson then fled to the first floor

---

[1]  Dkt #099591 is described below.  The reference to #099691 may be a typographical
error, or refers to an Indictment which is not otherwise described in the PSR.  This is not relevant
to the issues presently before the court.

> where he was apprehended.  While being apprehended, the
> defendant "shoved" an officer into a door which struck another
> officer in the chest.  A "violent" struggle ensued wherein all parties,
> the defendant and two officers, fell to the ground.  Backup officers
> responded to the struggle and the defendant was then handcuffed and
> arrested.

PSR ¶ 56.  Johnson contends that, with respect to these convictions, the "PSR mislead-

ingly reflects that Movant has multiple convictions of Assault & Battery On A Police

Officer and Assault With A Dangerous Weapon.  However, all such charges which arose

from a single incident occurring on or about October 29, 1991, were consolidated into

one conviction."  Pet. Br. at 2.  Furthermore, he contends that he pleaded guilty to

"simple assault," and that this does not constitute a violent crime.  Id. at 5, 8.  His

attempts to acquire the sentencing transcripts or plea agreement have been unsuccessful.

Id. at 5.  The petitioner did file an affidavit attesting to the fact that he pleaded guilty "to

a Simple Assault stemming from an episode wherein Affiant was charged with multiple

counts of Assault & Battery and Assault with A Dangerous Weapon."  (Docket No. 7, ¶

2).  He further attested to the fact that he "agreed to and received a 3-5 year sentence for

the October 28, 1991 conviction, which was to run concurrent with a sentence Affiant

was serving for an actual Assault & Battery conviction received February 24, 1992."  (Id.

¶ 3).  However, he does not challenge the description of events in the PSR, the PSR does

reflect that Johnson served one sentence for these convictions, and the convictions were

treated as one prior felony for the purpose of determining his enhanced status.

2.    The second felony conviction detailed in the PSR which formed the basis for Johnson's status as a Career Offender arose from the petitioner's arrest on September 20, 1991, which resulted in the following charges and sentence:

| | |
|---|---|
| Possession of a Firearm<br>Dkt #099591 | 2/21/92: Guilty Verdict,<br>3 to 5 yrs cmtd MCI Cedar<br>Junction, Credit of 185 days.<br>5/14/93: Sentence Amended to<br>4 to 5 yrs cmtd, $50 VWF |
| A&B By Means<br>Dangerous Weapon<br>Dkt #099593<br>Suffolk Sup Ct | 2/21/92: Guilty Verdict,<br>3 to 5 yrs cmtd MCI Cedar<br>Junction, from & after #099591.<br>Credit of 185 days.  5/14/93:<br>Sentence Amended to 4 to 5 yrs<br>cmtd. |

PSR ¶ 57.  This crime is described as follows:

According to the criminal complaint the defendant did assault a male victim and did knowingly possess a firearm being an unauthorized person.

PSR ¶ 58.  Johnson does not object to this portion of the PSR.

3.    The third conviction which the PSR cites as establishing the petitioner's status as a Career Offender arises from his arrest on April 5, 1990.  The petitioner was charged and sentenced as follows:

| | |
|---|---|
| Ct A: Distribute Class B<br>Sub, Cocaine | 10/19/90: G, 1 year<br>suspended sentence<br>2 years supervision to 10/19/92 |
| Ct B: Possess Class B<br>Sub, Cocaine<br>Roxbury District Ct<br>Dkt #s 9002CR3136A&B | 10/19/90: G, Conc w/Ct A |

PSR ¶ 60.  According to the criminal complaint, Johnson knowingly and intentionally manufactured, distributed and dispensed cocaine, and knowingly possessed cocaine with the intent to manufacture, distribute or dispense the cocaine.  PSR ¶ 61.  The petitioner contends that these convictions for violations of Mass. Gen. Laws ch. 94C, § 32A are misdemeanors and not felonies.  Pet. Br. at 6-7.  Thus, he argues, the Massachusetts statute provides in relevant part:

> Any person who knowingly or intentionally manufactures, distributes, dispenses, or possesses with intent to manufacture, distribute or dispense a controlled substance in Class B ... shall be punished by imprisonment in the state prison for not more than ten years, <u>or in a jail or house of correction for not more than two and one-half years</u>....

Mass. Gen. Laws ch. 94C, § 32A(a) (emphasis added).  Since he was tried in Roxbury District Court, the maximum sentence allowed was 2½ years in jail or the house of correction.  Such a sentence, according to Johnson, renders the crime with which he was charged a misdemeanor.  <u>See</u> Mass. Gen. Laws ch. 274, § 1 (a felony in Massachusetts is a "crime punishable by death or imprisonment in the state prison").  Consequently, according to the petitioner, the conviction cannot serve as a basis for his status as a Career Offender.  Furthermore, it cannot serve as a "serious drug offense" under the Armed Career Criminal statute since it is not an offense "for which a maximum term of imprisonment of ten years or more is prescribed by law."  18 U.S.C. § 924(e)(2)(A)(ii).

The petitioner's status as an Armed Career Criminal was based on the above-listed convictions as well as the following conviction on March 26, 1990, <u>see</u> PSR ¶ 71:

| | | |
|---|---|---|
| Possession of Class B<br>Sub, Cocaine<br>Roxbury District Ct<br>Dkt# 9002CR2733 | 6/19/90: G, 1 year<br>supervised probation<br>until 6/18/91, to pay<br>supervision fee<br>6/18/91: Terminated | 4A1.1© |

PSR ¶ 63.  According to Johnson, this charge was lowered to simple possession, and should not have been considered a serious drug offense.  Pet. Br. at 4.

Additional facts will be provided below where appropriate.

### III.  ARGUMENT

#### A.    The Due Process Claim

"Habeas Corpus relief under 28 U.S.C. § 2255 is available to vacate a sentence where (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction; (3) the sentence exceeded the maximum permitted by law; or (4) the sentence is otherwise subject to collateral attack." Ryan v. United States, 97 F. Supp. 2d 190, 192 (D. Mass. 2000).  In the instant case, Johnson contends that his due process rights were violated because the court relied on incorrect information in the PSR.  "Numerous decisions confirm that a sentence based upon an erroneous factual assumption or other error violates due process."  Iacoboni v. United States, 251 F. Supp. 2d 1015, 1042 (D. Mass. 2003), and cases cited.  In the instant case, however, Johnson has failed to establish that there were errors in the PSR.

To the extent that Johnson objects that the PSR "misleadingly reflects" the status of his convictions arising out of the October 29, 1991 incident, he has not established that there was any error.  As noted above, the PSR reflects that only one incident was

involved, lists the convictions and identifies the sentences given. As detailed below, whether treated as "simple assaults," as Johnson contends, or as convictions for assault and battery on a police officer, the convictions were properly considered as being for a violent offense. All of the convictions were collectively treated as one felony for purposes of establishing Johnson's status as a Career Offender or Armed Career Criminal. There was no due process violation.

Similarly without merit is Johnson's contention that his convictions for drug-related misdemeanors were improperly presented as felonies. See Movant's Traverse (Docket No. 8) at 2 ("presenting of such misdemeanor convictions as felonies was in fact an inaccurate representation of Movant's criminal history which violated Movant's right to due process."). As detailed further below, the challenged convictions were appropriately considered in establishing the petitioner's enhanced status.

### B.     Johnson's Status As A Career Offender or Armed Career Criminal

Johnson objects to the trial court's determination that he had at least two prior felony convictions of either a crime of violence or a controlled substance offense that are unrelated to the instant offense in finding that he was a Career Offender. He also objects to the finding that he had at least three prior convictions for a violent felony or a serious drug offense, or both, so as to qualify him as an Armed Career Criminal. These objections are without merit.

First Johnson contends that his conviction for a "simple assault" was insufficient to qualify as a prior conviction of a crime of violence or violent felony. Whether a prior

conviction is a violent felony for purposes of a sentencing enhancement is a question of law for the court to decide.  United States v. Bennett, No. 06-1167, 2006 WL 3361774, at *4 (1st Cir. Nov. 21, 2006) (citing United States v. Bishop, 453 F.3d 30, 32 (1st Cir. 2006)).  A review of the record establishes that Johnson's convictions arising out of the October 29, 1991 incident were properly considered a violent felony.

As an initial matter, it must be noted that the PSR reflects that Johnson pleaded guilty to two counts of assault and battery on a police office and two counts of assault and battery by means of a dangerous weapon, with one of each type of conviction being filed, and the sentences for the other two being concurrent sentences of 3 to 5 years committed.  It is beyond dispute that "assault and battery upon a police officer, in violation of Mass. Gen. L. ch. 265, § 13D, is categorically a crime of violence within the meaning of the career offender provisions of § 4B1.1."  United States v. Santos, 363 F.3d 19, 23 (1st Cir. 2004), cert. denied, 544 U.S. 923, 125 S. Ct. 1636, 161 L. Ed. 2d 482 (2005) (internal quotation omitted).[2]

Furthermore, even assuming that Johnson pleaded guilty to a "simple assault" that would still constitute a violent crime.  "The Massachusetts assault and battery statute covers two separate crimes – one involving actual (or potential) physical harm and the other involving a nonconsensual but unharmful touching."  Id. at 23 (internal quotation

---

[2]  The sentence enhancement provision of the Armed Career Criminal Act is similar to that in the Career Offender guidelines, and the same analysis as to whether a violent crime is a predicate conviction is applicable to both.  See Santos, 363 F.3d at 22 n.5.

and punctuation omitted).  Therefore, the court must first focus on the charging document to determine whether the crime charged was the "physical harm" type which would qualify as a violent crime, or the "nonconsensual, but harmful touching" type, which would not.  See United States v. Sanford, 327 F. Supp. 2d 54, 59 (D. Me. 2004), cert. denied, 126 S. Ct. 1822, 164 L. Ed. 2d 553 (2006), and cases cited.  In the instant case, the underlying facts, which Johnson does not dispute, involved the slamming of a metal door on a police officer's arm, shoving an officer into a door, and a violent struggle.  See PSR ¶ 56.  Where, as here, "[t]here is no evidence in the record that the subsequent reduction of the charge to simple assault was based on a change in the underlying facts from physical harm to nonconsensual touching," the conviction is properly considered a violent felony.  Id.  See also United States v. Estevez, 419 F.3d 77, 82 (1st Cir. 2005), cert. denied, 126 S. Ct. 1380, 164 L. Ed. 2d 86 (2006) (noting that the court, in Santos, 363 F.3d at 23, had held "that where a defendant is charged with simple assault in Massa-chusetts, and the charging document states that he 'did assault and beat' the victim, this characterization placed the offense in the harmful battery type, thereby meeting the definition of a crime of violence.").  Thus, there was no error in characterizing the petitioner's conviction arising out of the incident on October 29, 1991 as a violent felony.

Johnson's claim that his prior drug convictions should have been characterized as misdemeanors, and therefore not considered in determining his enhanced status, was rejected by the First Circuit in United States v. Moore, 286 F.3d 47 (1st Cir.), cert. denied, 537 U.S. 907, 123 S. Ct. 242, 154 L. Ed. 2d 184 (2002).  There the defendant argued that

his prior drug convictions, which had been entered in the Massachusetts District Court, did not constitute serious drug offenses since the maximum penalty which could be imposed by that court was 2½ years.  As the First Circuit held, in order to determine whether a prior conviction constitutes a predicate offense for sentence-enhancement purposes, courts are to apply "a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions."  Id. at 49 (quoting Taylor v. United States, 495 U.S. 575, 600, 110 S. Ct. 2143, 2159, 109 L. Ed. 2d 607 (1990)).  "In the context of 18 U.S.C. § 924(e)(2)(A)(ii), this approach necessitates a comparison of the provisions of the relevant state statute with the federal statute's definition of 'serious drug offense.'"  Moore, 286 F.3d at 49.  "The relevant state statute here, Mass. Gen. Laws ch. 94C, § 32A(a), allows for a maximum possible penalty of ten years' incarceration, and thus, fits comfortably within the ambit of 'serious drug offense' as that term is defined in 18 U.S.C. § 924(e)(2)(A)(ii). . . .  No more is exigible."  Id.  As the court held, the fact that the statute provides a possibility of differing ranges of punishment does not alter the fact that the crime charged is a single offense which fits within the definition of serious drug offense.  Id. at 49-50.  Thus, there was no error in including Johnson's prior drug convictions in assessing his status as either a Career Offender or Armed Career Criminal.[3]  See also Sanford, 327 F. Supp. 2d 59

---

[3]  In light of Johnson's three convictions for (1) "simple assault" arising out of the October 29, 1991 incident; (2) possession of a firearm and assault and battery with a dangerous weapon for which he was found guilty on February 21, 1992; and (3) the possession and distribution of cocaine offenses to which he pleaded guilty on October 19, 1990, there is no need to address

(conviction under Mass. Gen. Laws ch. 94C, § 32A(a) for which the two and one-half

year maximum sentence in the house of correction was imposed constitutes a serious drug

offense under 18 U.S.C. § 924(e)(2)(A)(ii)).[4]

Finally, the petitioner seems to be arguing that a jury had to be involved in

determining whether the drug crimes were serious drug offenses. See Movant's Traverse

at 3. This argument, too, was squarely rejected by the Moore court. See Moore, 286

F.3d at 51 (courts "have ruled with a regularity bordering on the monotonous" that

sentence-enhancement provisions based upon prior criminal convictions are to be

determined by the court). There was no error.

### C.    Unlawful Search and Seizure

Johnson's final argument is that the search of the vehicle was illegal, and that the

items seized should have been suppressed. He argues that the courts erred in denying his

motion to suppress, and that the facts, as established in the suppression hearing, failed to

establish probable cause. Movant's Traverse at 3-4. "Issues resolved by a prior appeal

will not be reviewed again by way of a 28 U.S.C. § 2255 motion." Murchu v. United

States, 926 F.2d 50, 55 (1st Cir. 1991) (quoting Dirring v. United States, 370 F.2d 862,

---

Johnson's claim that his additional conviction on June 19, 1990 was improperly considered a
serious drug offense.

[4] The petitioner's reliance on United States v. West, 393 F.3d 1302 (D.C. Cir. 2005), is
misplaced. There, the court ruled that a drug offense considered a misdemeanor under state law
could not be considered a prior felony conviction even though the crime was punishable by up to
four years of imprisonment. Here, the possible statutory penalties were sufficient for the crime
charged to be considered a felony under Massachusetts law.

864 (1st Cir. 1967)).  Accord Raineri v. United States, 188 F. Supp. 2d 141, 145 (D.N.H. 2002), and cases cited.  Johnson has not raised any issues which were not previously addressed in his direct appeal.  Therefore, his petition should be denied.

## IV.  CONCLUSION

For the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that Johnson's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (Docket # 1) be DENIED. [5]

          / s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

---

[5]  The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review.  See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985).  Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).