UNITED STATES DISTRICT COURT
DISTRICT6 OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 DEC 14 P 3: 19

U.S. DISTRICT COURT
DISTRICT OF MASS.

DAVID JOHNSON, )
    Petitioner, )
     )
vs. ) CIVIL ACTION NO. 04-11114-JLT
     )
UNITED STATES OF AMERICA, )
    Respondent. )
     )

### PETITIONER'S OBJECTIONS TO REPORT AND RECOMMENDATION

I, DAVID JOHNSON ('Petitioner'), the Petitioner in the above styled cause, do hereby present formal objections to the REPORT AND RECOMMENDATION ('R&R') filed by the Honorable Judith G. Dein, Magistrate Judge ('Judge Dein') on November 29, 2006.

#### FIRST OBJECTION:

    PETITIONER OBJECT TO ALL CONCLUSIONS THAT, BASED ON PETITIONER'S PRIOR MASSACHUSETTS STATE CONVICTIONS, PETITIONER COULD LAWFULLY BE CLASSIFIED AS A FELON IN POSSESSION OR CONVICTED AS SUCH.

Judge Dein and Petitioner's sentencing court both have determined that Petitioner lawfully qualified as a felon in possession of a firearm. Such a determination is lawfully inconsistent with Mass. Gen. L. ch. 140, § 129B (1997), U.S. v. Marin, 437 F.Supp.2d 227 (D.Mass. 2006), and U.S. v. Indelicato, 97 F.3d 627 (1st Cir. 1996). As decided in Marin, and supported by Indelicato, Petitioner's state right to possess a firearm was never taken away as a consequence of Petitioner's prior state convictions. Thus, Petitioner could not lawfully have qualified as a felon in possession of a firearm under federal law, based on Petitioner's prior state convictions.

(1)

Therefore, as Petitioner's federal Presentence Report ('PSR') has erroneously failed to properly reflect the correct legal status concerning Retitioner's right to have possessed a firearm, the PSR provided incomplete or false information upon which Petitioner's current federal sentence now rests. Such error was, is, and/or has caused a violation of Petitioner's right to due process. See <u>Iacaboni v. United States</u>, 251 F.Supp.2d 1015 (D.Mass. 2003).

<u>SECOND OBJECTION</u>:

 PETITIONER OBJECTS TO ALL CONCLUSIONS THAT, BASED ON PETITIONER'S PRIOR MASSACHUSETTS STATE CONVICTIONS, PETITIONER COULD LAWFULLY BE CLASSIFIED AS BEING A CAREER CRIMINAL.

It has not been shown that the United States Sentencing Commission ('USSC') had or has the lawful authority, to designate for use in a manner for federal sentencing, state misdemeanor convictions, which the convicting state itself would so bar. Petitioner does not dispute the obvious definition given to the phrase "violent felony" by the United States Sentencing Guidelines ('USSG'). However, nowhere is there to be found in 28 U.S.C. § 994 any provision delegating to the USSC the authority to alter the nature of the conduct of a prior state conviction.

It can not be disputed that Petitioner's prior state convictions were for misdemeanors under Massachusetts state law. It also can not be disputed that under Massachusetts state law that such convictions do not qualify as neither a "felony" conviction for a "violent crime" nor a "serious drug offense". Then the relevant question is, "how can such convictions be treated differently under federal law?" The simple answer is that they

can not. For there exists no lawful basis which supersedes the Ninth, Tenth, and Fourteenth Amendments of the constitution upon which to do so. Thus, the USSC has overstepped its authority in classifying by definition, conduct which supports misdemeanor convictions as being "serious" enough to serve as conduct which would legally allow a federal conviction to be enhanced under the career criminal provision of the USSG. Allowing this error to go uncorrected any longer would be a blatant violation of the Ninth, Tenth, and Fourteenth Amendments of the constitution.[1]

### THIRD OBJECTION:

PETITIONER OBJECTS TO ALL CONCLUSIONS THAT, BASED ON PETITIONER'S PRIOR MASSACHUSETTS STATE CONVICTIONS, PETITIONER COULD LAWFULLY BE CLASSIFIED AS BEING A ARMED CAREER CRIMINAL.

Under 18 U.S.C. § 924(e) ('§ 924(e)') it is clearly stated what is required before a federally convicted defendant's sentence may be enhanced under this statute. As has been shown in <u>U.S. v. Williams</u>, 326 F.3d 535 (4th Cir. 2003), Petitioner does not meet the requirement to have received an enhanced sentence under § 924(e).

As Petitioner has shown there were two distinct maximum penalties which could have been imposed for Petitioner's state conviction under Mass. Gen. L. ch. 94C, § 32A(a). One maximum penalty being two and a half (2½) years, and the other maximum penalty being ten (10) years <u>IF</u> and only upon the exercising of

---

[1] In additional support for this position Petitioner also points out that under the laws of Massachusetts misdemeanors are expressly not used for purposes of sentencing enhancement.

state procedural safeguards. Like in <u>Williams</u>, the question here to be answered is, "whether § 924(e) allows a district court to overlook a state's procedures in determining what constitutes a serious drug offense." The answer of the <u>Williams</u> Court to this question was that a district court could not overlook such procedures in making that type of determination. <u>Williams</u>, 326 F.3d at 540. <u>See also</u> <u>United States v. West</u>, 393 F.3d 1302 (D.C. Cir. 2005). As the <u>Williams</u> Court stated:

> "The fact that Williams <u>could</u> <u>have</u> had his . . . sentence extended under [state] law, however, does not mean Williams's conviction was for an offense 'for which a maximum term of imprisonment of ten years or more is prescribed by law.'"

<u>Williams</u> 326 F.3d at 539 (emphasis in original).

FORTH OBJECTION:

PETITIONER OBJECTS TO ALL CONCLUSIONS PRESENTED IN JUDGE DEIN'S R&R WHICH ARE INCONSISTENT WITH APPLICABLE LAW AND/OR RULES.

Petitioner does so admit that he has not the means, nor the resources, to fully research the law concerning the pertinent aspects of the issues to which Judge Dein's R&R responds. However, Petitioner's situation does not restrict Judge Dein's ability to have researched and made known all relevant law [for or against Petitioner] pertaining to this instant matter. Thus, Petitioner humbly and respectfully objects to any conclusion or determination reflected in Judge Dein's R&R which are inconsistent with the law, which Judge Dein could or should have known about. As well, Petitioner never admitted or plead guilty to the conduct cited by Judge Dein, believed to be the conduct underlying Petitioner's assault convictions. Petitioner's assault convictions were strictly nonviolent in intent and/or commission.

WHEREFORE, based on all of the foregoing, Petitioner requests that this District Court in light of the arguments set forth in Petitioner's preceeding pleadings and the objections presented herein, grant Petitioner's 28 U.S.C. § 2255 motion and the relief requested therein.

December 10, 2006                    Respectfully Presented,


                                     DAVID JOHNSON, pro se
                                     BOP Reg. No. 23155-038
                                     FCI RAY BROOK
                                     P.O. Box 9008
                                     Ray Brook, New York  12977


## CERTIFICATE OF SERVICE

I, DAVID JOHNSON, the Petitioner in the above captioned matter and the undersigned herein, do so affirm under the penalty of perjury, pursuant to 28 U.S.C. § 1746(1), that a true and correct copy of this document has been properly packaged and given to the appropriate staff member at FCI RAY BROOK, to be deposited in the U.S. mail and delivered to:

  George W. Vien, AUSA
  U.S. Attorney's Office
  408 Atlantic Avenue
  Room 530
  Boston, MA  02110

So done this 10 day of December, 2006.


                                     _____
                                     DAVID JOHNSON, pro se
                                     BOP Reg. No. 23155-038
                                     AFCI RAY BROOK
                                     P.O. Box 9008
                                     Ray Brook, New York  12977