UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAVID JOHNSON, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| | * | |
| v. | * | Civil Action No. 04-11114-JLT |
| | * | |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

MEMORANDUM & ORDER

May 23, 2007

TAURO, J.

On May 17, 2004, David Johnson ("Petitioner") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. This court denied Petitioner's motion on December 18, 2006. Presently at issue is Petitioner's Motion for Certificate of Appealability [#21] ("COA") filed on February 16, 2007. For the following reasons, Petitioner's Motion is DENIED.

The standard for granting a COA is well established. Such relief should only be granted upon a "substantial showing" of a constitutional violation.[1] The definition of what constitutes a "substantial showing" is straightforward. Where the district court has rejected the original petition on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the

---

[1] Slack v. McDaniel, 529 U.S. 473, 483 (2000).

district court's assessment of the constitutional claims debatable or wrong."[2]

After scrutinizing Petitioner's submissions, and the record, this court concludes that Petitioner fails to satisfy the abovementioned standard. Reasonable jurists would not find that the trial court's use of the pre-sentencing report ("PSR"), or its classification of Petitioner as a career offender violated Petitioner's due process rights. Petitioner's PSR includes three relevant prior felony convictions, only two of which were necessary to qualify petitioner as a career offender. The PSR accurately reflected Petitioner's prior criminal history, and the trial court did not err in classifying Petitioner as a career offender given that he has at least two prior felony convictions of either a crime of violence or a controlled substance offense that were unrelated to the instant offense.

Nor did the police search of Petitioner's vehicle violate Petitioner's constitutional rights. The First Circuit has already addressed this issue on direct appeal and found that the trial judge's ruling that the police had probable cause to arrest Petitioner and search his vehicle was proper.[3] Nor would reasonable jurists find the issues debatable. This court finds no basis for granting a COA in the present case. The motion is DENIED.

    /s/ Joseph L. Tauro
United States District Judge

---

[2] Id. at 484.

[3] United States v. Johnson, No. 01-2704, 2002 WL 31857358, at *3 (1st Cir. Dec. 20, 2002) ("The trial court correctly admitted evidence obtained from the search of Johnson's car. The officers had a reasonable and articulable suspicion to warrant their approaching the car in the driveway, and probable cause for arrest once they viewed the bags of crack cocaine in the car's open door.")