# United States Court of Appeals
## For the First Circuit

*[handwritten: DC/MA, Thorton, DC#:04·11114, Honorable: Joseph L. Tauro]*

No. 07-1381

DAVID JOHNSON,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

Before

Torruella, Lipez and Howard,
<u>Circuit Judges</u>.

JUDGMENT

Entered: November 15, 2007

    Petitioner David Johnson seeks a COA to appeal from the denial of his motion pursuant to 28 U.S.C. § 2255, claiming that he was sentenced based on inaccurate information in violation of due process.  He has failed to make the requisite showing that reasonable jurists could find debatable or wrong the district court's denial of that claim.

    Johnson challenges the sentencing court's determination that he qualified for an enhanced sentence as a Career Offender under U.S.S.G. § 4B1.1 and as an Armed Career Criminal (ACC) under 18 U.S.S.G. § 924(e) and U.S.S.G. § 4B1.4.  Each enhancement alone justifies the total offense level (34) and criminal history category (VI) on which Johnson's sentence was based.  Therefore, in order to demonstrate prejudice, Johnson must show that both enhancements (as a Career Offender and as an ACC) were in error. Because the Career Offender enhancement required only two predicate offenses, we will focus on that one.

    Johnson's specific challenge concerns one of the prior

convictions relied upon as a predicate "crime of violence" in determining that he qualified as a Career Offender. To qualify as a Career Offender, a defendant must, among other requirements, "have at least two prior felony convictions of either a crime of violence or a controlled substance offense." § 4B1.1. Johnson maintains that the sentencing court erred in determining that he had the requisite prior convictions.

An initial obstacle to Johnson obtaining relief on this claim is that he raised it for the first time in his § 2255 motion. However, the district court did not rely upon procedural default in dismissing the claim and we need not either.

> "It is well settled . . . that a defendant has a due process right to be sentenced upon information which is not false or materially incorrect." The fact that a PSI may contain inaccuracies is not enough to establish impairment of the right. For a due process violation, no less than for ineffective assistance of counsel, a defendant must establish that the sentencing court relied on the inaccurate information, i.e. that there was actual prejudice.

Carsetti v. State of Maine, 932 F.2d 1007, 1014 (1st Cir. 1991)(citations omitted). The presentence investigation report (PSR) cited three prior convictions which it found to be "crimes of violence" or "controlled substance offenses" for purposes of §4B1.1. The guideline requires only two such prior offenses. Johnson challenges only one of the three prior convictions (assault and battery on a police officer), contending that the sentencing court erred in determining that it qualified as a predicate offense. Even if he could prevail on that challenge, it would still leave two unchallenged predicate offenses -- all that is required under §4B1.1.

Moreover, reasonable jurists could not find debatable or wrong the district court's rejection of Johnson's claim that the assault and battery conviction did not qualify as a "crime of violence" under § 4B1.2. The PSR indicates that Johnson pled guilty to two counts of assault and battery on a police officer. This court has held that the Massachusetts offense of assault and battery upon a police officer is "categorically a crime of violence within the meaning of the career offender provisions." United States v. Santos, 363 F.3d 19, 23 (1st Cir. 2004). Johnson claims that those convictions were reduced to simple assault which, under Massachusetts law, "covers two separate crimes - one involving actual (or potential) physical harm and the other involving a 'nonconsensual' but unharmful touching." United States v. Harris, 964 F.2d 1234, 1236 (1st Cir. 1992), abrogated on other grounds by Shepard v. United States, 544 U.S. 13(2005). Only the former

qualifies as a "crime of violence." See Santos, 363 F.3d at 24 (distinguishing between "nonconsensual touching" type of assault and battery and "physically harmful" or "potentially physically harmful" type).

Even if, as Johnson claims, the charges he actually pled guilty to were only for simple assault, reasonable jurists could not find that Johnson was prejudiced by such inaccuracy. The PSR states with reference to the assault and battery convictions that "[a]ccording to the criminal complaint, the defendant assaulted two police officers with a metal door." The criminal complaint is within the scope of the documents which may be consulted under Shepard v. United States, 544 U.S. 13 (2005), in determining whether a conviction qualifies as a predicate offense for purposes of the Career Offender guidelines or the ACCA. See United States v. Miller, 478 F.3d 48, 51 (1st Cir.), cert. denied, __ U.S. __, 127 S.Ct. 3035 (2007). The criminal complaint's description of the offense conduct (as referenced in the PSR) "placed the offense in the harmful battery type, thereby meeting the definition of a crime of violence under § 4B1.2." Santos, 363 F.3d at 23. Accordingly, Johnson has not demonstrated that reasonable jurists could find debatable or wrong the district court's conclusion that his due process rights were not violated.

The COA request is denied and the appeal is terminated.

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: _____
        Chief Deputy Clerk.

HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY OF
THE ORIGINAL ON FILE IN MY OFFICE
AND IN MY LEGAL CUSTODY

FIRST CIRCUIT COURT OF APPEALS
BOSTON, MA
By [signature] Date 1/16/08

[cc: George Vien AUSA, Dina Chaitowitz AUSA, David John]